**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

In re:                                                          **Chapter 11**

**BRINTON MANOR REALTY, LLC**                  **Case No. 15-42613 - ESS**


                                          **Debtor.**
--------------------------------------------------------x

### PLAN OF REORGANIZATION

   The Debtor, Brinton Manor Realty, LLC, (the "Debtor"), by its counsel, the Law offices of David Carlebach, Esq., hereby proposes the following Plan of Reorganization  (the "Plan") for approval by creditors and interested parties in this case, filed under Chapter 11 of the United States Code (the "Bankruptcy Code").

### ARTICLE 1

### DEFINED TERMS

   As used herein, the following terms have the respective meanings specified below, unless the context otherwise requires (such meanings to be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined):

   1.1 "Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under ' 507(a)(2) and allowed under ' 503(b) of the Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United

States Code, including the costs of curing any executory contracts and unexpired leases pursuant to '365 of the Code.

1.2 "<u>Administrative Expense Claim</u>" shall mean a Claim for payment of an Administrative Expense.

1.3 "<u>Allowance Date</u>" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

1.4 "<u>Allowed Claim</u>" shall mean a Claim against the Debtor: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (I) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

1.5 "<u>Allowed Secured Claim</u>" shall mean an Allowed Claim for which a Claimant asserts and is determined by a Final Order to hold a valid, perfected and enforceable Lien, security interest or other interest or encumbrance in property in which the Debtor has an interest not subject to avoidance or subordination under the Code or applicable non-bankruptcy law, or an Allowed Claim for which a Claimant asserts a set off under ' 553 of the Code and such Claim is allowed by Final Order, but in any event only to the extent of the value, determined in accordance with ' 506(a) of the Code, of the Claimant's interest in the Debtor's interest in the property or to the extent of the amount subject to such set off, as the case may be.

1.6 "<u>Allowed Unsecured Claim</u>" shall mean an Unsecured Claim to the extent same is allowed.

1.7 "<u>Bankruptcy Case</u>" shall mean this Chapter 11 bankruptcy case of the Debtor.

1.8 "<u>Bankruptcy Court</u>" shall mean the Court as defined below.

1.9 "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, including the Local Rules of the Bankruptcy Court.

1.10 "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

1.11 "Claim" shall mean a right to payment as set forth in ' 101(5) of the Code.

1.12 "Claimant" shall mean the holder of a Claim.

1.13 "Code" shall mean Title 11 of the United States Code (11. U.S.C. ' 101 et. seq.), as in effect on the Petition Date and as amended during the Bankruptcy Case.

1.14 "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

1.15 "Confirmation Hearing" shall mean the hearing pursuant to ' 1128 of the Code before the Bankruptcy Court regarding the proposed confirmation of the Plan.

1.16 "Confirmation Order" shall mean the order of the Court confirming the Plan.

1.17 "Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

1.18 "Creditor" shall mean any entity that holds a claim against the Debtor.

1.19 "Debtor" shall mean Brinton Manor Realty, LLC

1.20 "Debtor Principal" shall mean Managing Member who is Leib Puretz.

1.21 "Disputed Claim" shall mean the whole or any portion of any claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

1.22 "Effective Date" shall mean the fourteen (14th) days after the Confirmation Date that is not a Saturday, Sunday or "legal holiday" as that term is defined in Bankruptcy Rule

3

9006(a), provided that if the Confirmation Order is not a Final Order on such date, the Effective

Date shall be the first day thereafter on which the Confirmation Order becomes a Final Order.

1.23 "Estate" means the estate created pursuant to ' 541 of the Code upon the

commencement of the Chapter 11 Case.

1.24 "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as

such terms are used within ' 365 of the Code.

1.25 "Final Order" shall mean an order of the Court that has not been reversed, amended

or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired,

and as to which no appeal, review or rehearing is pending.

1.26 "Interest" shall mean an existing ownership interest in the Debtor.

1.27 "Interest Holder" shall mean Steven Rosenfeld holding 100% of an existing Interest

in the Debtor.

1.27 "Lien" shall mean a charge against or interest in property to secure payment of a

debt or performance of an obligation.

1.28 "Petition Date" shall mean April 23, 2015, the date of the filing of the Bankruptcy

Case by the Debtor.

1.29 "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or

amendments hereto.

1.30 Property shall mean the Debtor=s real property at 125 Monitor Street Jersey City,

New Jersey 07304.

1.31 Sale shall mean the sale of the Property contemplated under the Courts Sale

Procedures Order and any subsequent orders to be entered by the Court approving the Sale and

as set forth in Article 7.8 below.

1.32 "Unsecured Claim" shall mean a claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or encumbrance against property of the Debtor or the Debtor's Estate; (b) a right to setoff to secure the payment of such Claim.   An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to ' 365 of the Code.

1.33 "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## ARTICLE 2

## CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### Class I

2.1 **Classification**: Class I consists of the costs and expenses of administration of the Bankruptcy Case entitled to priority under ' 507(a)(2) and allowed under ' 503(b) of the Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code, including the costs of curing any executory contracts and unexpired leases pursuant to ' 365 of the Bankruptcy Code, post-petition taxes and professional fees.

2.2 **Treatment:** Class I Claims shall be paid by the Debtor up to the allowed amount of their claims. The professionals that the Debtor will retain are Debtors counsel, Law Offices of David Carlebach, Esq. ("Carlebach".   Carlebach has been paid a pre-petition retainer by the Debtor of $10,000.00.   Carlebach expects that his fees will be approximately an additional $25,000.00 through Confirmation.

The Administrative Claims Bar Date shall be forty-five (45) days after the Order confirming the Plan becomes a Final Order.  Notice of the Administrative Claims Bar Date shall be served on all creditors, Receiver, all retained Debtor professionals, and all parties who have filed a Notice of Appearance in this case, within seven (7) days after the entry of the Order

Confirming the Plan.

In connection with the filing of the Plan herein, the Debtor will pay all of the United States Trustee Fees through confirmation.  Class I is an unimpaired Class.

## Class II

2.3  **Classification**: Class II consists of the secured claim of Chase Commercial Term Royal Ridge Oper. Ctr., the aggregate amount of not less than $9,627,201.00, plus additional interest, late charges, attorneys fees and costs, if any, chargeable to the Debtor pursuant to the governing loan documents or applicable law.  The Debtor reserves its right to review and/or object to any portion of the claim as appropriate.

2.4  **Treatment:** Class II Claims shall be paid in full in cash at closing of the sale transaction contemplated under the Plan.  Class II is an unimpaired class.

## Class III

2.5  **Classification**: Class III consists of the secured claim of Raquel Wolf of Executor c/o Robert E. Dauer, Jr., Mayer, Unkovic & Scott, the aggregate amount of not less than $3,500,000.00, plus additional interest, late charges, attorneys fees and costs, if any, chargeable to the Debtor pursuant to the governing loan documents or applicable law.  The Debtor reserves its right to review and/or object to any portion of the claim as appropriate.

2.6  **Treatment:**  Class III shall be paid in full in cash at closing of the sale transaction contemplated under the Plan.  Class III is an unimpaired class.

## Class IV

2.7  **Classification**: Class IV consists of  allowed priority claim filed against the Debtor, by the Internal Revenue Service, pursuant to the claim filed on July 1, 2015, by the Internal Revenue Service, in the aggregate amount of $30,344.40.  The Debtor reserves its right to review and/or object to any portion of the claim as appropriate.

**Treatment:** Class IV Claims shall be paid in full in cash at closing of the sale transaction contemplated under the Plan.  Class IV is an unimpaired class.

## Class V

2.8  **Classification**: Class V consists of Equity Interests.

2.9  **Treatment:** Class V Claims shall be paid any excess proceeds after all allowed claims have been paid in full at closing of the sale transaction contemplated under the Plan. Class V is an unimpaired class.

## ARTICLE 3

## MEANS FOR IMPLEMENTATION OF THE PLAN

3.1 The funds necessary for implementation of the plan will be provided from the 363 Sale of the Debtors Property, as follows:

Class I claims:  in cash on closing following confirmation from
the Debtor from the Proceeds of Sale.

Class II claims:  in cash on closing following confirmation from
the Debtor from the Proceeds of Sale.

Class III claims:  in cash on closing following confirmation from
the Debtor from the Proceeds of Sale.

Class IV claims:  in cash on closing following confirmation from
the Debtor from the Proceeds of Sale.

<u>Class V claims</u>:  in cash on closing following confirmation from
the Debtor from the Proceeds of Sale.

## ARTICLE 4

**PROVISIONS FOR THE RETENTION, ENFORCEMENT
AND SETTLEMENT OF CLAIMS BELONGING TO THE
<u>DEBTOR OR THE DEBTOR'S ESTATE</u>**

4.1 All rights pursuant to " 502, 544, 545 and 546 of the Code, all preference claims pursuant to ' 547 of the Code, all fraudulent transfer claim pursuant to ' 548 of the Code, and all claims relating to post-petition transactions under ' 549 of the Code are hereby preserved for the benefit of Debtor.  Prosecution and settlement of such Claims shall be the exclusive responsibility of the Debtor and all proceeds from such actions shall vest in and be the property of the Debtor.

## ARTICLE 5

**PROVISIONS FOR THE RESOLUTION OF DISPUTED
<u>CLAIMS AND OBJECTIONS TO PROOFS OF CLAIM</u>**

5.1 **<u>Objections to Claims</u>**. The Debtor may object to and contest to the allowance of any Claims.

5.2 **<u>Filing of Response</u>**. Prior to the expiration of twenty (20) days from receipt of an objection, the Claimant whose Claim has been objected to in accordance with the immediately preceding paragraph must file with the Court and serve upon the objecting party a response to such Claim objection. Failure to file such a response within the twenty (20) day time period shall cause the Court to enter a default judgment against the non-responding Claimant and thereby grant the relief requested in the Claim objection.

# ARTICLE 6

# RETENTION OF JURISDICTION

6.1 **Retention of Jurisdiction**. The Court shall have jurisdiction over all matters arising under, arising in, or relating to Debtor=s Bankruptcy Case including, but not limited to, proceedings:

6.1.1 To consider any modification of the Plan under ' 1127 of the Code;

6.1.2 To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 18 U.S.C. ' 1334 and 28 U.S.C. ' 157;

6.1.3 To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Debtor's estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Code and any right to determine the validity or amount of tax claims asserted against the Debtor pursuant to ' 505 of the Bankruptcy Code including, but not limited to tax claims;

6.1.4 To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

6.1.5 To value assets of the Estate;

6.1.6 To enforce the Confirmation Order, the final decree, and all injunctions therein;

6.1.7 To enter an order concluding and terminating the Bankruptcy Case;

6.1.8 To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

6.1.9 To determine all questions and disputes regarding title to the assets of the Debtor;

6.1.10 To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## ARTICLE 7

## GENERAL PROVISIONS

7.1 **Headings**. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

7.2 **Contents of Confirmation Order**. The Confirmation Order shall contain such injunctions and other orders as may be necessary to implement the Plan.

7.3 **No Payment of Disputed Claims**. This Plan contemplates the payment of Allowed Claims only.  No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim, or any part thereof, becomes an Allowed Claim, if ever.

7.4 **Discharge of Claims not Classified**. Any Claim not specifically classified within this Plan shall not receive distributions under the Plan on account of such Claim, and shall be deemed discharged and forever barred.

7.5 **Notice to Debtor**. Whenever this Plan requires that notice be given to the Debtor such notice shall be given to:

Law Offices of David Carlebach, Esq.
55 Broadway, Suite 1902
New York, New York 10006
Attn: David Carlebach, Esq.

7.6 **Calculation of Time Periods**. Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

7.7 **Other Actions**. Nothing contained herein shall prevent the Debtor, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

7.8 **Approval of Sale and Sale Procedures**. The confirmation of the plan herein shall be deemed to be an approval of the Sale pursuant to the plan, free and clear of all liens claims and encumbrances with all liens claims and encumbrances to attach to the proceeds of the sale and shall also be deemed to be an approval of the sale procedures approved by the Court, on May 13, 2015 (the "Sale Procedures Order"). The Sale Procedures Order is incorporated herein by reference as if fully set forth herein. After the Sale is concluded any subsequent orders of the Court confirming and approving the Sale are also incorporated herein by reference as if fully set forth herein.

7.9 **Transfer Tax**. Pursuant to ' 1146(a) of the Bankruptcy Code, the exemptions from transfer taxes for property transferred under this Plan and/or the Sale, apply upon Plan confirmation. The following shall not be subject to any stamp tax, real estate transfer tax, mortgage recording tax, filing fee, sales or use tax or similar tax: (1) the execution and implementation of the Settlement Agreement, including the transfer of any assets, sale, liquidation, transfer, foreclosure, abandonment or other disposition in furtherance of the Settlement Agreement terms; (2) any restructuring transaction; or (3) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including any restructuring, disposition, liquidation or dissolution, deeds, bills of sale or assignments, applications, certificates or statements executed or filed in connection with any of the foregoing or pursuant to the Plan, and any transfer of first lien collateral in accordance with the terms of the Plan

## ARTICLE 8

## MODIFICATIONS

8.1 **Modification of Plans.** The Debtor may seek amendments or modifications to the Plan in accordance with ' 1127 of the Code at any time prior to the Confirmation Date. After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE 9

## INJUNCTION, DISCHARGE AND PROPERTY OF THE ESTATE

9.1 **Discharge**. The confirmation of this Plan shall discharge the Debtor from any Claim that accrued or arose on or before the Confirmation Date pursuant to 11 U.S.C. ' 1141(d)(1).

9.2 **Injunction**. The Confirmation Order shall contain an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or their respective property or properties, any obligation or debt except pursuant to the terms of the Plan.

# ARTICLE 10

## CLOSING THE CASE

10.1 Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.


DATED:        New York, New York
              August 31, 2015

Respectfully submitted,

**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
Counsel to the Debtor
55 Broadway, Suite 1902
New York, New York 10005
(212) 785-3041


By:    */s/ David Carlebach*
       David Carlebach (DC-7350)

              /s/ Leib Puretz
              Leib Puretz
              Managing Member